UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



-PS-O-

UNITED STATES DISTRICT COURT
FILED
FEB 16 2011
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

_____

FRANK DIAZ,

          Petitioner,

     -v-                           10-CV-0457M

                                       **ORDER**

WILLIAM D. BROWN, Superintendent of
Eastern Correctional Facility,

          Respondent.

_____

     Petitioner, Frank Diaz, acting *pro se*, seeks relief pursuant
to 28 U.S.C. § 2254, alleging that his conviction in Supreme Court,
Monroe County, State of New York, entered on January 25, 2005
(Docket No. 1, Petition, ¶ 2) was unconstitutionally obtained, as
set forth more precisely in the petition. Petitioner was convicted
of Criminal Possession of a Weapon in the First Degree (N.Y. Penal
L., § 265.05(4)) and Assault in the First Degree (<u>id.</u>, §
120.10(1)).

     By Order filed June 22, 2010, petitioner was directed to file
information addressing the issue of the timeliness of the petition
under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of
limitations on the filing of § 2254 habeas petitions. Petitioner
was also directed to address--in the event the petition was not
dismissed as untimely--the issue of exhaustion. Based on the
information set forth in the petition, it appeared that petitioner
had not raised in the state courts the claim of ineffective

assistance of counsel based on counsel's failure to advise him of the immigration consequences of his plea of guilty. (Petition, ¶ 12, "Point V," at 5, 7, and "Addendum," at 11.)[1] *See* <u>Padilla v. Kentucky</u>, 559 US ---, 130 S.Ct. 1473 (2010).

The limitations period is counted from --

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1]Petitioner's response to the order to show cause only addresses the timeliness issue but based on the documents attached to petitioner's response (Docket No. 4), it appears that he did not raise in either of his two post-conviction motions, pursuant to N.Y. Crim. Proc. L., § 440.20, the ineffective assistance of counsel claim. Petitioner *may* seek to raise that claim now in a state court post-conviction motion filed in the trial court *See* <u>People v. Bennett</u>, 28 Misc.3d 575, 903 N.Y.S.2d 696 (Bronx Cty. 2010) (defendant entitled to hearing on motion pursuant to N.Y. Crim. Proc. L., § 440.10 based on holding in <u>Padilla</u>); *but see* <u>People v. Kabre</u>, 29 Misc.3d 307, 905 N.Y.S.2d 887 (New York Cty. 2010) (<u>Padilla</u> not retroactive on collateral review).

28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

On July 19, 2010, petitioner filed his response to the Court's Order ("Response"). (Docket No. 4.) The Court has examined the Response and finds that the petition is barred by the limitation of time established by 28 U.S.C. § 2244. Specifically, petitioner's judgment became final and his time expired to seek direct review of his conviction on February 24, 2005, when the period to file a notice of appeal from his conviction in state court expired. *See* Bethea v. Girdich, 293 F.3d 577, 578-79 (2d Cir. 2002) (petitioner's state court judgment became "final" when the 30-day period for filing a notice of appeal from his judgment of conviction expired) (citing N.Y. Crim.Proc.L., § 460.10(1)). Petitioner did not file this habeas corpus petition until June 1, 2010,[2] some five plus years after his conviction became final.

Unlike the petition, the Response does include the dates--or at least certain dates--as to when petitioner filed two separate state court motions for post-conviction relief pursuant to N.Y. CRIM.PROC.L., § 440.20. *See* 28 U.S.C. § 2244(d)(2). However, both motions were filed after the one year statute of limitations for

---

[2]While petitioner did not date the petition, the post-mark on the envelope in which the petition was enclosed is June 1, 2010. *See* Houston v. Lack, 487 U.S. 266, 271 (1988) (A *pro se* prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing); *see also* Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994).

filing a petition for a writ of habeas corpus had expired (February 24, 2006) and, therefore, the petition was not timely filed. The motions were filed on September 18, 2006, and October 22, 2009. (Response, at ¶ ¶ 1, 3, and Exhibits.)

The filing of collateral attacks does not restart the statute of limitations period. As the Second Circuit made clear in <u>Smith v. McGinnis</u>, the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." <u>Smith</u>, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000). Put another way, tolling extends the time to file a habeas petition by delaying the expiration of the statutory period, but has no effect once the period has expired. Since the statutory period expired before petitioner filed his collateral attacks, the statutory tolling provision, *see* 28 U.S.C. § 2244(d)(2) is inapplicable.

Further, petitioner has not identified any "extraordinary circumstance" which prevented him from filing his petition within the one-year time period. He claims only that he does not speak English "well" and that this has "hampered [him] in th[e] litigation of [his] case." (Response, at ¶ 1.) Therefore, petitioner has failed to provide a basis for the Court to extend the limitations period beyond the one year. *See* <u>Smith</u>, 208 F.3d at 17 ("In order to equitably toll the one-year period of limitations,

[a petitioner] must show that extraordinary circumstances prevented him from filing his petition on time... In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll"), *cert. denied*, 531 U.S. 840 (2000); *see also* Johnson v. Nyack Hospital, 86 F.3d 8, 12 (2d Cir. 1996) (noting that the Second Circuit has applied equitable tolling doctrine "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights") (internal quotation marks and citation omitted).

The burden is on the petitioner to demonstrate that he has met the high standard required before the Court may consider applying equitable tolling to his situation. Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) ("[P]etitioner [must] 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'") (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), *cert. denied*, 536 U.S. 925 (2002).

An inability to speak or understand English had consistently been rejected by the courts in this Circuit as a basis to equitably toll the statute of limitations. See Bowman v. Walsh, No. 07-CV-3586 (BMC), 2007 WL 2815711, at *2 (E.D.N.Y. Sept. 25, 2007)

(collecting cases). However, in Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008), the Second Circuit recognized that the inability to read English may be an "obstacle [that] is undoubtedly serious . . . and can, in some circumstances, justify equitable tolling." Id. (citations omitted.) The Court clarified, however, that "the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency." Id. Because the petitioners in Diaz failed to allege "any efforts to contact anyone outside the prison who might assist in making them aware, in their language, of the legal requirements for filing a habeas petition" and further failed to specify "what efforts were made to learn of such requirements within their places of confinement," the Second Circuit held that equitable tolling was properly rejected by the district court. Id. See also Romero v. Ercole, No. 08-CV-4983 (RRM), 2009 WL 1181260, at * 3( E.D.N.Y. April 30, 2009) (rejecting equitable tolling based on petitioner's English language proficiency) (quoting Diaz, 515 F.3d at 154).

As noted, petitioner simply alleges that he does not "speak" English "well." This conclusory allegation is insufficient to meet the significant burden placed on petitioner to prove he is entitled to equitable tolling of AEDPA's limitation period. As stated in Diaz, petitioner has failed to set forth any allegations of "any efforts [he made] to contact anyone outside the prison who might

6

assist in making [him] aware, in [his] language, of the legal requirements for filing a habeas petition" and further failed to specify "[any] efforts [he] made to learn of such requirements within [his] places of confinement." <u>Diaz</u>, 515 F.3dat 154. Petitioner has not established that his alleged difficulty with speaking English was an extraordinary circumstance that prevented him from filing the petition with the one year period of limitations.

Because the Court finds that petitioner has failed to establish extraordinary circumstance which prevented from filing the instant petition timely, the Court is constrained to apply the statute as written and dismiss the motion as untimely.

The petition is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken

in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the petition is dismissed;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied.

**SO ORDERED.**

S/ Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge

Dated:     February 14, 2011
           Rochester, New York